Conway B, J. The administrators having filed no answer in the court below, the allegations of the bi 11 stood confessed as true, and we have but to inquire whether the case made by the bill-authorized the decree perpetuating the injunction. The appellees stated that in March 1842, they made to the administrators of Nimrod-M'enifee deceased, two notes, one for $38 50 cts; the other for $32 03 cts, payable in twelve months; that in March 1843 suit was-instituted by the administrators on said notes; that on the day of trial they filed their claim of off-set for $60, which they had advanced at the requst of the administrators to defray the expenses of William and Jane Menifee (children of said decedent) in bringing them from Kentucky to their home in Conway county, Arkansas; that said sum was advanced after the making of said notes, and was to be applied by said administrators as a credit thereon : that they failed to give them the credit, and on the trial refused to allow them an off-set for the same; that they prayed the justice before whom the suits were tried for sufficient time to obtain evidence of the payment of the $60 having been made at the request of said administrators; that the witness by whom the proof could have been made resided in Kentucky, and that it was impossible to obtain him in time: that judgments were rendered against them for the whole amount of both notes* and that in August 1843, executions issued against them for the-same. Administrators are merely legal trustees of the creditors and heirs of the intestate. They are not the guardians of the.decedent’s children, and cannot ineur a fiduciary liability on their account. Indeed it would be a breach of trust for them to expend any of the effects of the estate for their benefit. The care of the children is entirely out of their province. That duty devolves upon their guardians. If therefore the witness had been present at the trial and proved every fact alleged to be in his knowledge, appellees could not have properly prevailed before the justice. Nor ought they to have succeeded in the circuit court on their bill. For the claims - against them were due appellants as the administrators of Menifee, and the demand for whichían off-set-or credit was claimed, Was against the administrators in their individual character, and not in their fiduciary capacity. Neither courts of law nor equity will allow a set-off of debts accruing in different rights. 2 Story's Eq. J. 663. 2 Mad. Ch. 665. 5 Ark. R. 54. 1 Eng. R. 388. But if the demands had been due in the same right, we can perceive nothing preventing appellees from a complete remedy at law, and if fully adequate in a legal forum, they are not entitled to come into equity for relief. For a matter that can be set-off at law is no foundation for a bill in equity. In such case a bill will not be entertained. 6 Ves. 136. 1 Mad. Ch. 87. The decree is therefore reversed and the circuit court of Conway • county directed to dissolve the injunction, decree damages and dis* jniss the bill of appellees.